# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:11CV234-RJC-DSC

| | |
|---|---|
| MICHAEL TROCHE, Individually and on behalf of all persons similarly situated, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )     **MEMORANDUM AND ORDER** |
| BIMBO FOODS BAKERIES DISTRIBUTION, INC., | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on "Bimbo Foods Bakeries Distribution, Inc.'s Motion to Dismiss or, Alternatively, Transfer or Stay," Doc. 9, filed July 11, 2011, and the parties' associated briefs and exhibits. See Docs. 10 and 11.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having carefully considered the parties' arguments, the record, and the applicable authority, and having consulted with the chambers of the Honorable Robert J. Conrad, Jr., the District Judge to whom this matter is assigned, the Court grants the alternative relief sought in Defendant's Motion and transfers venue in this matter to the United States District Court for the Eastern District of Pennsylvania, as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 30, 2010, Quinn Scott, Ronald Sochacki, William J. Davenport III, Robert Dando, Sr. and Kevin Kazornowicz (the "Scott plaintiffs") filed a putative class and Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., collective action against Bimbo Bakeries USA, Inc. ("BBUSA") in the United States District Court for the Eastern District of Pennsylvania captioned Scott v. Bimbo Bakeries USA, Inc., No. 2:10-cv-3154. BBUSA is an affiliate of Defendant Bimbo

Foods Bakeries Distribution, Inc. and owned by the same upstream parent company. The Scott Plaintiffs allege that BBUSA has mis-classified them and the putative class and collective action members as independent contractors rather than employees and thus denied them overtime and other benefits in violation of the FLSA and state law. On September 20, 2010, the Scott Plaintiffs filed an Amended Complaint. The Amended Complaint expanded the scope of the FLSA collective action to encompass all independent operators nationwide. The parties have actively litigated the case over the past year. Six motions have been filed, including a motion to dismiss. Three motions are still pending, written discovery has been conducted and several depositions have been taken. More importantly, the Scott Plaintiffs' motion for conditional certification of a nationwide FLSA collective action is fully briefed and pending in the Eastern District of Pennsylvania.

On May 11, 2011, Plaintiff, a distributor of Bimbo bakery products in North Carolina, filed the instant Class and Collective Action Complaint against Bimbo Foods Bakeries Distribution, Inc. ("BFBD") on behalf of himself and similarly situated distributors of Bimbo food products. Doc. 1. Plantiff asserts that BFBD has misclassified the independent distributors of Bimbo Bakeries products across the country as independent contractors instead of employees, thus depriving them of overtime compensation and other rights and benefits in violation of the FLSA and state law. Id. Specifically, Plaintiff alleges that BFBD violated the FLSA and the North Carolina Wage and Hour Act ("NCWHA") by failing to pay overtime wages and unlawfully deducting amounts from earned wages. Id. at 13-15. He also alleges common law claims for rescission and unjust enrichment. Id. at 16-18.

On July 7, 2011, Defendant filed its "Bimbo Foods Bakeries Distribution, Inc.'s Motion to Dismiss or, Alternatively, Transfer or Stay," Doc. 9, asserting that this Court should apply the first-filed rule and dismiss the instant action or at a minimum transfer or stay the action. Plaintiff

responds that the first-filed rule is inapplicable because the instant action and the Scott case involve different parties and there is no substantial overlap between the claims in this case and those in Scott.

Defendant's Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

When similar lawsuits are filed in multiple forums, the Fourth Circuit adheres to the first-filed rule, which holds that the first-filed suit should have priority. Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 594-95 (4th Cir.2004) (quoting Ellicott Mach. Corp. v. Modern Welding Co., Inc., 502 F.2d 178, 180 n. 2 (4th Cir.1974)); accord Learning Network, Inc. v. Discovery Commc'ns, Inc., 11 F. App'x 297, 300-301 (4th Cir. 2001). As explained by the Court in Charlotte-Mecklenburg Hospital Authority v. Facility Wizard Software, Inc., ,

> The federal courts long have recognized that the principle of comity requires federal district courts-courts of coordinate jurisdiction and equal rank-to exercise care to avoid interference with each other's affairs. The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.

No. 3:08-cv-00463-FDW, 2008 WL 5115281, at *1 (W.D.N.C. Dec. 8, 2008)(quoting Save Power Ltd. v. Syntek Finance Corp., 121 F.3d 947, 950 (5th Cir.1997)). The rule applies when "related cases have been filed in different districts," dictating that the first filed action take precedence over any subsequently filed and sufficiently related action. Id.

Multiple lawsuits are subject to the first-filed rule if "the same factual issues" provide the basis for each suit. Allied-Gen. Nuclear Serv's v. Commonwealth Edison Co., 675 F.2d 610, 611 n. 1 (4th Cir.1982). In Ortiz v. Panera Bread Co., the United States District Court for the Eastern District of Virginia recently held that

> The first-to-file rule is particularly appropriate in the context of competing FLSA

3

> collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations. It is not surprising that federal courts consistently apply the first-to-file rule to overlapping wage and hour collective actions. See, e.g., Fisher v. Rite Aid Corp. & Eckerd Corp., No. RDB–09–1909, 2010 U.S. Dist. LEXIS 56383 (D. Md. June 8, 2010); Meyers v. GC Servs., L.P., No. 3:09–1242, 2010 U.S. Dist. LEXIS 25764, *4 (S.D.W.Va. Mar. 18, 2010); Walker v. Progressive Cas. Ins. Co., No. C03–656R, 2003 U.S. Dist. LEXIS 7871, at *10 (W.D.Wash. May 9, 2003); White v. Peco Foods, Inc., 546 F.Supp.2d 339 (S.D.Miss.2008); Steavens v. Elec. Data Sys. Corp., No. 07–14536, 2008 U.S. Dist. LEXIS (E.D.Mich. Nov. 25, 2008)(same); Fuller v. Abercrombie & Fitch Stores, Inc., 370 F.Supp.2d 686 (E.D.Tenn.2005) (same); Goldsby v. Ash, 2010 U.S. Dist. LEXIS 40213 (M.D.Ala. Apr. 22, 2010) (same); Nava v. Belfor USA Grp., Inc., 2008 U.S. Dist. LEXIS 45041 (E.D. Mich. June 10, 2008) (same).

No.1:10cv1424, 2011 WL3353432, at *2 (E.D.Va. Aug. 2, 2011). Furthermore, the presence of additional but related state law claims does not mean that the cases are so dissimilar as to avoid the application of the first-filed rule. Remington Arms Co., Inc. v. Alliant Techsystems, Inc., 2004 WL 444574, at *2 (M.D.N.C. Feb. 25, 2004).

The Court finds that this matter is governed by the first-filed rule. In both cases, the Plaintiffs purport to represent a class of all independent operators nationwide. The central issue in both actions is whether those independent operators were mis-classified as independent contractors instead of employees. Both actions seek relief under Section 216(b) of the FLSA while requesting certification of the same putative class. Nevertheless, Trouche argues that the cases are not exactly duplicative, that the actual parties are different and that the state statutory wage claims and the FLSA action are different. However, for the first-to-file rule to apply, courts need not find a precise overlap. A showing of substantial similarity will suffice. Fisher v. Rite Aid Corp., No. RDB-09-1909, 2010 WL 2332101, at *2 (D.Md. June 8, 2010) (citing Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F.Supp.2d 357, 360 (W.D.N.C.2003) and Fuller v. Abercrombie & Fitch Stores, Inc., 370 F.Supp.2d 686, 690 (E.D.Tenn.2005)).

As explained in Charlotte-Mecklenburg Hospital Authority,

> For two district courts to supervise what promises to be lengthy and complicated discovery and subsequent trial proceedings would be the epitome of judicial waste. The first-filed rule exists "to 'promote efficient use of judicial resources' and it 'should be applied in a manner serving sound judicial administration.'" United States v. Brick, No. 87-7310, 1988 WL 33796, at *1 (4th Cir. April 11, 1988) (quoting Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir.1985)).

2008 WL 5115281, at *1. The Court agrees that to allow these two cases to proceed separately would be the "epitome of judicial waste" and would be contrary to the policies underlying the first-filed rule. Id.

If the first-filed rule applies, a district court must dismiss, stay, or transfer a later-filed lawsuit in deference to the earlier filed action. St. Paul Fire & Marine Ins. Co. v. Renne Acquisitions Corp., No. 3:09cv476-RJC-DSC, 2010 WL 2465543, at *2 (W.D.N.C. June 14, 2010). See also, Carbide & Carbon Chem. Corp. v. U.S. Indus. Chems., Inc., 140 F.2d 47, 49 (4th Cir.1944)) (the earlier filed lawsuit must proceed "to the exclusion of" subsequently-filed lawsuits); Quesenberry v. Volvo Group N. Am., Inc., No. 1:09cv22, 2009 WL 648658, at *2-3 (W.D.Va. March 10, 2009) ("[T]he "first-to-file" rule supports dismissing, staying or transferring [an] action...."); Old Republic Nat'l Title Ins. Co. v. Transcon. Title Co., No. 1:07cv525, 2007 WL 2915171, at *3 (E.D.Va. Oct.4, 2007)("As an alternative to a stay of the proceedings or dismissal, a district court entertaining a second-filed action may, in its sound discretion, transfer the case to the first filed court pursuant to 28 U.S.C. § 1404(a)."); Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F.Supp.2d 357, 360 (W.D.N.C. 2003) ("Where the same parties have filed similar litigation in separate federal fora, ... the later-filed action should be stayed, transferred, or enjoined.").

The Court finds that comity requires this Court to respect the substantial development of the issues that has already taken place in the Scott case. Therefore, the Court finds that the appropriate course is to transfer this action to the Eastern District of Pennsylvania for all further proceedings.

5

## III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. "Bimbo Foods Bakeries Distribution, Inc.'s Motion to Alternatively Transfer," Doc. 9, filed July 11, 2011 is **GRANTED**, and this matter is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Pennsylvania.

2. The Clerk is directed to send the instant file, including this Memorandum and Order, to the Clerk of Court of the United States District Court for the Eastern District of Pennsylvania .

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED**.

Signed: August 12, 2011

David S. Cayer
United States Magistrate Judge