IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL TROCHE, individually and on behalf of all similarly situated individuals,** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| v. | : | |
| **BIMBO FOODS BAKERIES DISTRIBUTION, INC.,** | : | **NO. 11-7686** |
| **Defendant.** | : | |

## ORDER

**AND NOW,** this 15th day of February, 2013, upon consideration of the parties' Proposed Consent Order, which seeks dismissal of Count I of the Complaint and transfer of this case back to the United States District Court for the Western District of North Carolina, Charlotte Division, where it was originally filed, and following several telephone conferences on this issue, we find as follows:

1. On May 11, 2011, Plaintiff, Michael Troche, filed a Class and Collective Action Complaint against Defendant, Bimbo Foods Bakeries Distribution, Inc., in the United States District Court for the Western District of North Carolina, Charlotte Division, alleging violations of the Fair Labor Standards Act for failure to pay overtime (Count I), and various state law claims (Counts II-V). (See Complaint, Dkt. No. 3:11-00234, Doc. No. 1.)

2. The case was originally assigned to the Honorable Robert J. Conrad Jr., and thereafter referred to Magistrate Judge David S. Cayer. On July 11, 2011, Defendant's filed a "Motion to Dismiss, or, Alternatively, Transfer or Stay." (Dkt. No. 3:11-00234, Doc.

1

No. 9.)  On August 12, 2011, Judge Cayer filed a six-page opinion granting Defendant's motion and transferring the matter to the Eastern District of Pennsylvania.  This transfer was primarily due to the similarities between Plaintiffs' case, and Scott v. Bimbo Bakeries, U.S.A., Inc., Dkt. No. 2:10-3154, which is presently before this Court.  (Dkt. No. 3:11-00234, Doc. No. 12.)

3. On August 29, 2011, Plaintiffs filed an objection to Judge Cayer's ruling.  (Dkt. No. 3:11-00234, Doc. No. 14.)  On December 5, 2011, Judge Conrad reviewed Judge Cayer's decision to determine if it was "clearly erroneous or contrary to law."[1]  (Dkt. No. 3:11-00234, Doc. No. 21.)  In a seven-page opinion, Judge Conrad determined that Judge Cayer's reasoning was sound and denied Plaintiffs' objections.  (Id.)

4. This court received the case on December 15, 2011, and thereafter held several status conferences.  Most recently, Plaintiffs have advised that they intend to dismiss Count I of the Complaint, which alleges violations of the FLSA, thereby removing the primary basis for transferring the case to this Court.  As a result of this dismissal, Plaintiffs have requested, and Defendants agree, that the case be transferred back to the United States District Court for the Western District of North Carolina, Charlotte Division, where it was originally filed over a year and a half ago.  Plaintiffs' counsel has represented that the delay in deciding to dismiss the FLSA claim was due to the fact that he was only recently able to determine that Plaintiffs could not pursue a federal claim due to their employment status.

---

[1] Non-dispositive pre-trial matters may be referred to a magistrate judge to "hear and determine" pursuant to 28 U.S.C. § 636(b)(1)(A).  Transfer of venue is generally viewed as a non-dispositive matter.  Under Federal Rule of Civil Procedure 72(a), a district court, reviewing an objection to a magistrate judge's non-dispositive Order, must set aside any part of the Order that is clearly erroneous or contrary to law.  (See Dkt. No. 3:11-00234, Doc. No. 21.)

5. Frankly, we do not understand why Plaintiffs' counsel was unable to make decisions regarding Plaintiffs' employment status prior to the venue litigation that ensued in the North Carolina court. Significant legal and judicial resources have been expended in determining the appropriate venue for this case, which will now end up where it started. Moreover, although sixteen months have passed since this action was first filed, the case has not advanced in any meaningful way. However, because the parties have consented to the transfer and due to the convenience of the parties and witnesses, we will reluctantly transfer this action back to the United States District Court for the Western District of North Carolina, Charlotte Division."

**WHEREFORE**, it is hereby **ORDERED** that:

— Count I of Plaintiffs' Complaint is **DISMISSED** with prejudice, pursuant to the agreement of the parties.

— Pursuant to 28 U.S.C. § 1404(a), this case is transferred back to the United States District Court for the Western District of North Carolina, Charlotte Division.

— The Clerk of Court shall mark this case as **CLOSED**.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
**Mitchell S. Goldberg, J.**