UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-234-RJC-DSC

| | |
|---|---|
| MICHAEL TROCHE, individually and on behalf of all similarly situated individuals, )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BIMBO FOODS BAKERIES DISTRIBUTION, INC., )<br>)<br>Defendant. ) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff Michael Troche's Motion to Stay Defendant's Motion for Summary Judgment and supporting materials, (Docs. 78-80, 83), and Defendant's memorandum in opposition, (Doc. 82). It is ripe for review.

On September 6, 2013, this Court entered a scheduling order stating that: "Discovery in this case shall be bifurcated. Fourteen (14) days after the Court's ruling on class certification, the parties shall submit proposed dates for trial and all other matters relevant to Stage II." (Doc. 31 at 2). On July 11, 2014, Plaintiff filed its motion for class certification, (Doc. 58), and Defendant has until September 19, 2014 to respond.

Defendant argues that summary judgment is proper at this juncture as it would promote efficiency. If granted, summary judgment would moot the need to continue briefing and additional depositions related to certification; if denied, it would inform the parties of the Court's requirements for class certification. Significantly, Defendant contends that summary judgment at this stage of litigation is proper as neither the federal rules of civil procedure, nor the local rules of this district restrict the timing of summary judgment orders.

Contending that Defendant has brought this motion in order to stall the class certification decision, Plaintiff urges this Court to use its discretionary authority to prohibit a motion it regards as premature. Plaintiff distinguishes the posture of this motion from cases where other courts have entertained summary judgment motions prior to class certification: such cases differed from this one by presenting focused and tailored motions that actually created efficiencies in the litigation.

Whether a court should exercise its discretion to strike (or deny without prejudice) pre-certification motions for summary judgment turns largely on the factual and procedural posture of the particular case and the timing of the motion. As cases rarely present identical factual scenarios, citations to earlier cases, even to those issued by this Court, are of limited usefulness in guiding the Court.

Here, Defendants have chosen to move for summary judgment prior to class certification. The Federal Rules of Civil Procedure serve as no obstacle to Defendants motion; Rule 56 provides that a party may move for summary judgment "at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b). Additionally, neither the local rules of this district nor the scheduling order in this case preclude this motion. Therefore, the authority to strike or deny Plaintiff's motion would arise from the Court's discretionary authority to guide the process of litigation. This determination turns on whether the motion—for factual or timing reasons—is unfair to Plaintiff, not merely whether it is disagreeable or inconvenient. Here, the Court finds that the Defendant is within its rights in filing a pre-certification motion for summary judgment. Ultimately, the decision of whether to file a motion for summary judgment at a stage of litigation is a strategic one and best determined by the individual defendant. See Cowen v. Bank United,

70 F.3d 937, 941-42 (7th Cir. 1995) (outlining some of the strategic considerations related to summary judgment motions prior to class certification).

Therefore, the Court will consider the Defendant's motion for summary judgment, but will extend the time for Plaintiff to respond to the motion until September 19, 2014 – the same date that Defendant's response to class certification is due. In so holding, the Court expects Defendant to comply with the deadline to respond to the class certification motion and that the two motions can be addressed by the Court in succession. The Court notes, however, that the summary judgment motion is not binding on the purported class members but effects only the claims of the individual Plaintiff.

If the parties desire that the class certification motion be stayed or handled at a later stage, they must file a brief within fourteen (14) days of this order suggesting an alternate course.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Stay or Strike Defendant's Motion for Summary Judgment (Doc. 78) is **denied**.
2. Plaintiff shall have until September 19, 2014 to respond to Defendant's motion for Summary Judgment.
3. If the parties wish to delay the Court's consideration of class certification, they must file a motion and supporting brief with the Court within fourteen (14) days of publication of this order.

Signed: September 8, 2014

Robert J. Conrad, Jr.
United States District Judge