UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-234-RJC-DSC

| | |
|---|---|
| MICHAEL TROCHE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| BIMBO FOODS BAKERIES ) | |
| DISTRIBUTION, INC., f/k/a ) | |
| GEORGE WESTON BAKERIES ) | |
| DISTRIBUTION, INC., a Delaware ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's second Motion for Summary Judgment and supporting memorandum, (Doc. Nos. 117, 118); Plaintiff's Memorandum in Opposition, (Doc. No. 119); and Defendant's Reply, (Doc. No. 120). This matter is ripe for review.

## I. BACKGROUND

The Court detailed background information about this matter in its Order granting in part Defendant's first Motion for Summary Judgment. (Doc. 110). Additionally, on August 30, 2013, the parties agreed to bifurcate discovery in their Rule 26(f) Discovery Plan. (Doc. No. 30). The parties specified that Stage I discovery would be limited to the merits of Plaintiff's individual claims and whether such claims were suitable for class treatment, with the parameters of Stage II discovery to be determined after a ruling on class certification and any dispositive motions. (Id. at 1-2). The Court adopted the parties' plan in its scheduling Order. (Doc. No. 31).

On August 18, 2015, the Court granted Defendant's Motion for Summary Judgment as to Counts I, VI, VII, and VIII, but denied it as to Counts II, III, IV, and V. (Doc. No. 110: Order). The Court denied Plaintiff's Motion for Class Certification on August 31, 2015, (Doc. No. 111: Order), and the United States Court of Appeals denied Plaintiff's motion to appeal that decision, (Doc. No. 114: Order). In light of these rulings, the parties agreed that Stage II discovery would be limited to the merits of Counts II, III, IV, and V. (Doc. No. 113: Joint Motion at 2). The Court adopted the parties' plan in its second scheduling Order. (Doc. No. 115).

In response to Defendant's first set of interrogatories requesting information on the remedies sought, Plaintiff stated on January 30, 2014, that more discovery was necessary to calculate his damages. (Doc. No. 118-1: Ex. A at 4-9). On January 19, 2016, Defendant requested that Plaintiff supplement his interrogatories concerning the proper calculation of damages. (Doc. No. 118-2: Ex. B). On February 16, 2016, Plaintiff provided new information concerning the calculation of damages, including specific formulas and resulting monetary amounts. (Doc. No. 118-3: Ex. C at 5-13). The instant motion followed.

## II.     STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id. The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence

of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). "The burden on the moving party may be discharged by 'showing' . . . an absence of evidence to support the moving party's case." Id. at 325.

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (internal citations omitted). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. Id. at 249-50.

## III. DISCUSSION

A. Second Motion for Summary Judgment

Initially, Plaintiff contends that Defendant's second Motion for Summary Judgment is procedurally improper because Defendant had sufficient information to raise each of its arguments in its first Motion for Summary Judgment. (Doc. No. 119: Pl. Mem. at 1-3). He

3

asserts that the calculation of damages he provided in his answers to the first set of interrogatories is essentially the same as that provided in his supplemental responses. (Id.).

Rule 56(b) of the Federal Rules of Civil Procedure provides, "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b). As noted above, the parties agreed that discovery would be bifurcated and that the scope of the second stage of discovery would be determined based on any dispositive motions decided by the Court. (Doc. No. 30: Joint Motion). The Court's initial scheduling Order set a deadline for the class certification motion, but not dispositive motions. (Doc. No. 31: Order at 3-4). The second scheduling Order set a deadline of March 4, 2016, for the close of Stage II discovery, (Doc. No. 115 at 1), and Defendant timely filed its second Motion for Summary Judgment on March 22, 2016, (Doc. No. 117).

Additionally, Plaintiff responded during Stage I discovery that he could not yet provide a damage calculation and suggested possible ways of measuring damages. (Doc. No. 118-1: Ex. A at 4-9) ("one measure of damages could be," "one formula would be"). In Stage II discovery, Plaintiff committed to specific formulas for calculating lost margin, promotional price refunds, and losses from "shrink," with projected monetary figures. (Doc. No. 118-3: Ex. C at 5-13). Defendant challenges these calculations in its second Motion for Summary Judgment. (Doc. No. 118: Def. Mem. at 4-5). Accordingly, the Court finds that the instant motion is procedurally proper in the circumstances of this case.

B. Interpretation of § 11.12

Although the Court previously found that triable issues of fact exist for Counts II through V of Plaintiff's Amended Complaint, (Doc. No. 110: Order), Defendant contends that summary

4

judgment is appropriate now because Plaintiff is not entitled to any of the damages he seeks based on language in the Distribution Agreement between the parties. (Doc. No. 118: Def. Mem. at 1-2). The dispute, therefore, primarily revolves around the appropriate interpretation of § 11.12 of the parties' Agreement, which states:

> DAMAGES: Notwithstanding anything to the contrary contained in this Agreement, in no event shall either party be liable to the other for any consequential, incidental, indirect, or special damages, including lost profits and punitive damages.

(Doc. No. 35-1: Ex. A at 19).

Defendant asserts that the language of § 11.12 unambiguously precludes recovery of damages for "lost profits," which Plaintiff claims as "lost margin" and "commissions." (Doc. No. 118: Def. Mem. at 4-6). Plaintiff counters that the provision only prohibits recovery of lost profits that are classified as consequential or indirect damages. (Doc. No. 119: Pl. Mem. at 3-4). Plaintiff's position rests heavily on the word "including" in § 11.12, which he claims is "illustrative, but not exhaustive, of what precedes it." (Id. at 6). Plaintiff asserts that the lost profits he seeks "flow directly and immediately" from Defendant's alleged breaches; therefore, they qualify as direct damages recoverable under the Agreement and North Carolina law. (Id. at 7).

"[I]f the meaning of the [contract] is clear and only one reasonable interpretation exists, the courts must enforce the contract as written; they may not, under the guise of construing an ambiguous term, rewrite the contract…" Gaston County Dyeing Machine Co. v. Northfield Ins. Co., 524 S.E.2d 558, 563 (N.C. 2000) (internal quotation marks and citation omitted); see also Johnston County v. R.N. Rouse & Co., Inc., 414 S.E.2d 30, 34 (N.C. 1992) ("To interpret the contract in any other manner would violate the most fundamental principle of contract construction – that the courts must give effect to the plain and unambiguous language of a

5

contract.").[1]  Here, the Court finds that the clear language of § 11.12 leads to only one reasonable interpretation:  Plaintiff is prohibited from recovering lost profits.

Other courts have reached the same result interpreting similar damages provisions.  Carr v. Wal-Mart Stores, Inc., No. 10-6176, 2011 WL 939168, at *5 (W.D.N.Y. Mar. 16, 2011), involved the same Defendant and the same damages clause as the instant matter.  There, as here, the plaintiff claimed that he was not seeking consequential or incidental damages, but rather lost profits as "loss of economic expectancy."  Id. at 3, 5.  The court acknowledged that such damages generally are recoverable, but § 11.12 in the parties' agreement clearly stated that "lost profits" could not be recovered.  Id. at 5.  Such an agreement was enforceable under New York law, thus the court found that the plaintiff could not recover lost profits in any form.  Id. at 6.

Similarly, a case in the Middle District of North Carolina involved a comparable damages clause which read:

> Neither party hereto shall be liable under any circumstances whatsoever, including any breach of its obligations hereunder, to the other party for any incidental or consequential damages and/or any claims for lost profits.

Order at 2-3, Ada Liss Grp. v. Sara Lee Branded Apparel, No. 1:06-CV-610 (M.D.N.C. Dec. 28, 2007).  There, as here, the plaintiff argued that the provision should be interpreted to exclude only lost profits that were classified as consequential, but not those that were actual or direct.  Id.  The court applied North Carolina law and held:

> [T]he plain language of [the damages clause] clearly states that consequential damages are excluded, that incidental damages are excluded, and that lost profits, regardless of whether they are characterized as consequential damages or direct

---

[1] Although the Agreement recites that its interpretation is controlled by Pennsylvania law, (Doc. No. 35-1: Ex. A at 18), the parties extensively cite to North Carolina decisions, (See e.g. Doc. No. 118: Def. Mem. at 6, 8 and Doc. No. 119: Pl. Mem. at 3-4), and have not asked the Court to apply Pennsylvania law.  The Court will therefore apply North Carolina law in exercising diversity jurisdiction.

damages, are excluded…Plaintiff attempts to create an ambiguity, where there is none, by asserting an implausible interpretation of the contract.

Id. at 3.

Here, Plaintiff's reliance on North Carolina law generally providing for recovery of lost profits directly resulting from a defendant's breach of contract, (Doc. No. 119: Pl. Mem. at 4-5), is misplaced because the Agreement between these parties unambiguously precludes recovery of lost profits, whether they are classified as consequential or direct damages.[2] Accordingly, the Court will grant Defendant's second Motion for Summary Judgment as to Plaintiff's claims for monetary damages in Counts II through V.[3]

B. Injunctive Relief

Defendant contends that the injunctive relief Plaintiff seeks in Counts II through V is impermissible for the same reasons the Court found that the injunctive relief for Count I was impermissible in its first Order, (Doc. No. 110 at 4-6); specifically, that the requested relief was too indefinite, would require the Court to essentially rewrite the terms of the parties' Agreement, and would require ongoing court supervision. (Doc. No. 118: Def. Mem. at 10-12). Plaintiff counters that the relief sought is calculable within a reasonable certainty and would not require constant court supervision, but is particularly proper to prevent future violations of the Agreement. (Doc. No. 119: Pl. Mem. at 17-22). The Court previously determined that triable

---

[2] Plaintiff's reliance on another decision in this district, (Doc. No. 119: Pl. Mem. at 4), is also misplaced. The damages provision quoted by the court in that case precluded consequential or incidental damages, but apparently made no mention of lost profits. Irvin Indus. Tool Co. v. Worthington Cylinders Wisconsin, LLC, 747 F. Supp. 2d 568, 576 (W.D.N.C. 2010) (Reidinger, J.). Thus, that court's conclusion that lost profits could be recovered as direct damages is inapposite here.

[3] Having concluded that lost profits are not recoverable under the parties' Agreement, the Court need not reach Defendant's arguments that the monetary damages sought by Plaintiff are too speculative to be recoverable, (Doc. No. 118: Def. Mem. at 7-9).

issues remain for Counts II through V, which include requests for injunctive relief. (Doc. No. 110 at 6-10). The instant motion creates no opportunity to revisit that ruling.

C. Right to Jury Trial

Finally, Plaintiff contends he is entitled to a jury trial even if lost profits are not recoverable because damages are not an essential element of a breach of contract claim under North Carolina law and he may be awarded nominal damages if he establishes a breach of contract at trial. (Doc. No. 119: Pl. Mem. at 16-22). It is well settled that, "[I]f the only relief sought is equitable, such as an injunction or specific performance (a type of affirmative injunction), neither the party seeking that relief, nor the party opposing it is entitled to a jury trial." Marseilles Hydro Power, LLC v. Marseilles Land and Water Co., 299 F.3d 643, 648 (7th Cir. 2002) (collecting cases). The Court's ruling precluding lost profits leaves only Plaintiff's claims for injunctive relief if a breach is proven. Such equitable claims alone do not entitle him to a jury trial. Therefore, this matter will proceed to a bench trial on the injunctive relief issue.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion for Summary Judgment, (Doc. No. 117), is **GRANTED in part** as to Plaintiff's claims for monetary damages in Counts II, III, IV, and V; and

2. this matter will proceed to a bench trial on Plaintiff's claims for injunctive relief in Counts II, III, IV, and V on a date to be announced by separate order.

Signed: September 27, 2016

Robert J. Conrad, Jr.
United States District Judge